UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Wakefield Family Medicine, LLC

   v.                                    Civil No. 10-cv-407-JD

Berkshire Group Services Inc.

O R D E R

Wakefield Family Medicine, LLC brought breach of contract claims against Berkshire Group Services Inc. in Carroll County Superior Court.  Berkshire Group Services Inc., represented by its president, David M. Leja, removed the action to this court, asserting both federal question and diversity jurisdiction.[1]  Because Berkshire Group Services Inc. is a corporation and Leja is not an attorney, the court ordered Berkshire to retain counsel and to have counsel file an appearance and a disclosure statement on behalf of Berkshire by October 12, 2010.

On October 12, 2010, Leja filed a motion for an extension of time to obtain representation for Berkshire.  In support of the motion, Leja states that he is looking for representation but has not been able to find counsel that Berkshire can afford.  Leja also states that he is working with the Lawyer Referral Service of the New Hampshire  Bar Association to find representation.

---

[1] It appears that Berkshire has not complied with the requirements of 28 U.S.C. § 1446 and Local Rule 81.1.

Wakefield Family Medicine objects to the requested extension. Wakefield states that Berkshire has been attempting to retain counsel since early May of 2010, without success. Wakefield further contends that because it appears Berkshire lacks financial resources to hire counsel, no additional time should be allowed.

A corporation cannot proceed pro se in this court. LR 83.6(c); Rowland v. Calif. Men's Colony, 506 U.S. 194, 202-03 (1993). In addition, persons who are not members of the bar of this court and are not covered by a listed exception can appear only on their own behalf. LR 83.2(d). Therefore, Berkshire cannot proceed in this action unless and until an attorney files an appearance on its behalf. Berkshire is placed on notice that failure to comply with the representation requirement within the time allowed in this order will result in entry of DEFAULT.

Conclusion

For the foregoing reasons, Berkshire Group Services, Inc.'s motion for an extension of time (document no. 8) is granted as follows:

(1) Berkshire Group Services Inc. shall obtain representation by properly qualified counsel who shall file an appearance on its behalf **on or before December 17, 2010.**

(2) If Berkshire Group Services, Inc. fails to have an appearance filed by counsel on its behalf **on or before December 17, 2010**, DEFAULT will be entered against it.

(3) In the event that default is entered against Berkshire Group Services Inc., Wakefield Family Medicine LLC shall file a motion for default judgment **on or before January 7, 2011.**

Furthermore, in light of the allegations contained in the defendant's motion (document no. 8) and reply (document no. 12) the clerk of court shall forward these documents along with the plaintiff's objection (document no. 11) to the United States Attorney's office for whatever review and action, if any, that office may deem appropriate.

SO ORDERED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge

November 3, 2010

cc:　Richard D. Sager, Esq.
　　 Berkshire Group Services, Inc.