UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Wakefield Family Medicine, LLC</u>

    v.                              Civil No. 10-cv-407-JD

<u>Berkshire Group Services Inc.</u>


<u>O R D E R</u>

    Wakefield Family Medicine, LLC brought breach of contract claims against Berkshire Group Services Inc. in Carroll County Superior Court.  Berkshire Group Services Inc., represented by its president, David M. Leja, removed the action to this court, asserting both federal question and diversity jurisdiction.[1] Because Berkshire Group Services Inc. is a corporation and Leja is not an attorney, the court ordered Berkshire to retain counsel and to have counsel file an appearance and a disclosure statement on behalf of Berkshire by October 12, 2010.

    On October 12, 2010, Leja filed a motion for an extension of time to obtain representation for Berkshire, stating that he had been looking for representation without success.  The court granted Berkshire an extension of time until December 17, 2010, to obtain representation and to have counsel file an appearance

---

[1] It appears that Berkshire has not complied with the requirements of 28 U.S.C. § 1446 and Local Rule 81.1.

on Berkshire's behalf and file a disclosure statement.  In that order, the court stated that if Berkshire failed to have an appearance filed by counsel on or before December 17, 2010, default would be entered against it.  Berkshire failed to comply with that order.

Instead, on December 17, 2010, Berkshire, through Leja, filed a notice and a motion, combined in one document.  Leja explained that he had been unable to obtain representation for Berkshire and asked the court to dismiss the case against Berkshire or to remand the case to Carroll County Superior Court.

As the court explained in the prior order, a corporation cannot proceed pro se in this court.  LR 83.6(c); <u>Rowland v. Calif. Men's Colony</u>, 506 U.S. 194, 202-03 (1993).  In addition, persons who are not members of the bar of this court and are not covered by a listed exception can appear only on their own behalf.  LR 83.2(d).  Therefore, Berkshire cannot proceed in this action with Leja serving as its legal representative.

Because Berkshire has not obtained representation within the time allowed, default shall be entered against it.

<u>Conclusion</u>

For the foregoing reasons, the defendant's notice and motion (document no. 14) is terminated without consideration.

The clerk of court shall entered default against the defendant. The plaintiff shall file a motion for a default judgment on or before January 10, 2010.

SO ORDERED.

                                          ***/s/Joseph A. DiClerico,Jr.***
                                          Joseph A. DiClerico, Jr.
                                          United States District Judge

December 28, 2010

cc: Richard D. Sager, Esq.
    David M. Leja, President,
    Berkshire Group Services Inc.