UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Wakefield Family Medicine, LLC

    v.                                                         Civil No. 10-cv-407-JD

Berkshire Group Services, Inc.

**REPORT AND RECOMMENDATION**

Wakefield Family Medicine, LLC ("Wakefield") sued Berkshire Group Services, Inc. ("Berkshire") in the Carroll County Superior Court, asserting a claim for breach of contract and requesting attorney's fees. Berkshire removed the case to this court, citing both diversity and federal-question jurisdiction. Default has been entered against Berkshire for failing to file an appearance by counsel before the deadline set by Judge DiClerico. See doc. no. 17. The case is now before me to conduct a hearing on damages. Examination of the pleadings, however, leads me to conclude that this court lacks subject-matter jurisdiction over Wakefield's claims. See United States v. Pomales-Lebrón, 513 F.3d 262, 269 (1st Cir. 2008) ("Because federal courts are powerless to act in the absence of subject matter jurisdiction, [this court has] an unflagging obligation to notice jurisdictional defects and pursue them on [its] own initiative.") (citations omitted); see also 28 U.S.C. § 1447(c)

("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In an affidavit supporting Wakefield's motion for default judgment, doc. no. 18-1, its counsel specifies approximately $45,000 in damages and attorney's fees, id. ¶¶ 4-5. In its writ, Wakefield identified damages of $24,000 and explained that the amount of damages would "continue[ ] to increase with each passing month." Def.'s Mot. Default J., Ex. 2 (doc. no. 18-2) ¶ 7. Thus, it is apparent that at the time of removal, see Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009), Wakefield's claims fell somewhere between $24,000 and $45,000. That is well below the $75,000 threshold for diversity jurisdiction. See 28 U.S.C. § 1332.

Turning to federal-question jurisdiction, see 28 U.S.C. § 1331, Wakefield's writ asserts a claim for breach of contract and requests attorney's fees. See Pl.'s Mot. Default J., Ex. 2, at 4. Because "the plaintiff's well-pleaded complaint [does not] exhibit, within its four corners, either an explicit federal cause of action or a state-law cause of action that contains an embedded question of federal law that is both substantial and disputed," R.I. Fishermen's Alliance, Inc. v. R.I. Dep't of Envt'l Mgmt., 585 F.3d 42, (1st Cir. 2009) (citation omitted), this court lacks jurisdiction under § 1331.

Because I find that the court lacks subject-matter jurisdiction over Wakefield's claims, I recommend that this matter be remanded to the Carroll County Superior Court. See 28 U.S.C. § 1447(c). In so recommending, I note that while Wakefield has never formally moved to remand this case, it did ask the court to deny Berkshire's motion to remove, albeit in a pleading inaptly captioned as an "Answer" to Berkshire's notice of removal.

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                                                  _____
                                                        Landya B. McCafferty
                                                        United States Magistrate Judge

Date: February 7, 2011

cc: Richard D. Sager, Esq.
    Berkshire Group Services, Inc.